UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**PHYLLIS MILLS**                                    **CIVIL ACTION NO.**

**versus**

**ACADEMY, LTD.**

<u>**NOTICE OF REMOVAL**</u>

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA-MONROE DIVISION**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Academy, Ltd. ("Academy")
hereby gives notice of the removal of this action from the Fourth Judicial District Court for the
Parish of Ouachita, State of Louisiana, to the United States District Court for the Western District
of Louisiana-Monroe Division.  In support of this Notice of Removal, Academy submits the
following:

1.

Plaintiff Phyllis filed a Petition for Damages against Academy on September 25, 2020, in
the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana (hereafter, the
"Petition").  The case is styled *Phyllis Mills v. Academy, Ltd.,* No. 20-2549, Section 5  *See* Petition,
attached as Exhibit 2.

2.

Academy was served with the Petition and Citation on October 22, 2020.  *See* Service of
Process Transmittal, attached as Exhibit 2.  Consequently, this Notice of Removal is timely under
28 U.S.C. § 1446(b)(1), because it has been filed less than 30 days from service of the Petition in
this matter.

3.

This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332
and removal jurisdiction under 28 U.S.C. § 1441 because the parties are diverse and the amount in
controversy exceeds $75,000.00, exclusive of interest and costs.

4.

Pursuant to 28 U.S.C. § 1332, there is complete diversity of citizenship in this matter.  Mr.
Thomas is a resident of Louisiana.  *See* Petition at p. 1, Exhibit 2.

5.

For purposes of diversity of citizenship, Academy is a citizen of Texas and Delaware. Academy is a limited partnership.  The general partner of Academy is Associated Investors, LLC, whereas the limited partner of Academy is Academy Managing Co., LLC.  The membership interests of Associated Investors, LLC and Academy Managing Co., LLC are owned 100% by New Academy Holding Company, LLC.  The members of New Academy Holding Company, LLC are ASO Co-Invest Blocker Sub L.P. and ASO Blocker Sub L.P.  Those companies are each 100% owned by Academy Sports and Outdoors, Inc.   Academy Sports and Outdoors, Inc. is a Delaware corporation with its principal place of business in Texas.  *See* Declaration at ¶ 3, Exhibit 1.

6.

While Academy denies any liability to Ms. Mills, the amount in controversy in this matter exceeds $75,000.  Under well-established jurisprudence of the United States Fifth Circuit Court of Appeals, when the plaintiff has alleged an indeterminate amount of damages, the removing defendant can satisfy the amount in controversy requirement under 28 U.S.C. § 1332 by showing that it is "facially apparent" that the plaintiff's claims exceed $75,000.00.  *See*, *e.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  Regardless, even if not "facially apparent" from the petition, the removing defendant may set forth specific facts that support a finding of the requisite amount in controversy.  *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

7.

Here, Plaintiff does not plead a specific amount of damages in her Petition because of the prohibition of pleading a monetary amount of damages under article 893 of the Louisiana Code of Civil Procedure.  Nonetheless, it is "facially apparent" from the Petition that the amount in controversy is met in this case.  Plaintiff alleges that "she slipped on a shelving bracket and fell to the ground, causing severe and disabling injuries to her left foot."  *See* Petition at ¶ 4, Exhibit 2. Plaintiff further alleges that she suffered "severe and disabling injuries" including, without limitation:

a)  Past, present, and future mental and physical pain and suffering

b)  Past, present, and future medical expenses

c)  Past, present, and future mental and emotional distress;

d)  Permanent damage and disability;

    e)  Loss of enjoyment of life;

    f)  Loss of consortium;

    g)  Lost wages and/or economic opportunity, past, present, or future; and

    h)  Such other elements of damages which will be more fully shown at the trial on the merits.

*See* Petition at ¶ 9 a)-h).  In *Hernandez v. USA Hosts, Ltd*., 418 F.Appx. 293 (5th Cir. 2011), the United States Court of Appeals for the Fifth Circuit found that allegations of similar import and nature were sufficient to meet the amount in controversy requirement.

8.

Even if not "facially apparent" from the Petition that the amount in controversy exceeds $75,000, Academy hereby pleads certain facts to establish the amount in controversy requirement, although denying any liability to Plaintiff.  *See* Allen, 63 F.3d at 1335.  Plaintiff, through her counsel, sent a pre-petition settlement demand to Academy in which her demand exceeds $75,000.00.  In that demand letter, Plaintiff, through her counsel, stated that Plaintiff "suffered a fracture to her fifth metatarsal on her left foot" and that, due to the injury, Plaintiff was in a walking boot for 6 months.  *See* Exhibit 1(A).  Plaintiff, through her counsel, also withdrew all previous settlement offers. It is well settled that pre-petition settlement demand letters may be relied upon in providing the amount in controversy for jurisdiction purposes.  *See Carver v. Wal-Mart Stores, Inc*., No. 08-42, 2008 WL 2050987 (E.D. La. May 13, 2008)(Noland, J.); *see also Fairchild v. State Farm Mutual Automobile Ins. Co*., 907 F.Supp. 969 (M.D. La. 1995).  Here, the settlement demand alone would be sufficient facts to support the amount in controversy requirement.

9.

Venue in this Court is provided by 28 U.S.C. § 1441(a), as the Western District of Louisiana embraces the Parish of Ouachita where the suit originally was filed.

10.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served are being filed with this Notice of Removal.

11.

In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of Court for the Fourth Judicial District Court for the Parish of Ouachita, State of

Louisiana.  Additionally, a copy of this Notice of Removal will be delivered to Plaintiff through her counsel of record.

WHEREFORE, Defendant, Academy, Ltd., prays that the above-entitled state court action in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana be removed to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1441.

/s/ *Ryan O. Luminais*

JAMES M. GARNER, #19589
RYAN O. LUMINAIS, #30605
JOSIE N. SERIGNE #38588
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 Poydras Street - 28th Floor
New Orleans, Louisiana  70112
Telephone: 504-299-2100
Facsimile: 504-299-2300
Email:  jgarner@shergarner.com
           nkling@shergarner.com
           rluminais@shergarner.com
**ATTORNEYS FOR DEFENDANT, ACADEMY, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via email, facsimile, hand delivery, and/or by depositing same in the United States Mail, properly addressed and postage prepaid, this 20th day of November, 2020.

/s/ *Ryan O. Luminais*

RYAN O. LUMINAIS