UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **PHYLLIS MILLS** | **CASE NO. 3:20-CV-01497** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **ACADEMY LTD** | **MAGISTRATE JUDGE MCCLUSKY** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand filed by Plaintiff Phyliss Mills. [doc. # 11]. The motion is opposed. [doc. # 16]. For the following reasons, it is recommended that the motion to remand be **DENIED**.

### Background

On September 25, 2020, Plaintiff filed a petition in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. [doc. # 1-2]. Plaintiff alleges that on September 30, 2019, she slipped and fell while shopping at the Academy Sports & Outdoors store in West Monroe, Louisiana. [doc. # 1-2, p. 3]. Further, she alleges that Defendant Academy, Ltd., is liable for the damages she sustained in her fall, including "severe and disabling injuries to her left foot," and the following particulars:

   a) Past, present, and future mental and physical pain and suffering;

   b) Past, present, and future medical expenses;

   c) Past, present, and future mental and emotional distress;

   d) Permanent damage and disability;

   e) Loss of enjoyment of life;

    f) Loss of consortium;

    g) Lost wages and/or economic opportunity, past present, or future; and

    h) Such other elements of damages which will be more fully shown at the trial on the merits.

[doc. # 1-2, p. 3].

On November 20, 2020, Defendant removed this case to federal court based on diversity jurisdiction. [doc. # 1]. On January 20, 2021, Plaintiff filed the instant motion to remand, arguing that the amount in controversy does not exceed the jurisdictional threshold. [doc. # 11].[1] Defendant opposes the motion to remand, arguing that it is apparent from the face of the petition and from Plaintiff's pre-suit settlement offer of $100,000 that the amount in controversy exceeds $75,000. [doc. # 16]; *see also* [doc. # 1-1, p. 2](Plaintiff's pre-suit settlement demand of $100,000). Plaintiff filed a reply on February 17, 2021. [doc. # 17]. Accordingly, this motion is ripe.

## Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of

---

[1] Citizenship is not disputed, and the record reflects that complete diversity does exist among the parties. *See* [doc. # 1, p. 2](properly alleging citizenship of Defendant); [doc. # 1-2, p. 1](properly alleging Plaintiff's domicile). Plaintiff Mills is domiciled in Louisiana.

However, the court notes that in the notice of removal Defendants state that "Mr. Thomas is a resident of Louisiana." [doc. # 1, p. 1]. The reference to Mr. Thomas is presumably a clerical error as Mills is the only plaintiff. Further, it is necessary to allege <u>citizenship</u>, not mere residency, to establish diversity jurisdiction. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.")

different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

The removing party has the burden of establishing the necessary facts to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995)(citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). However, regarding the jurisdictional amount, the standard of proof depends on whether the complaint alleges a specific dollar amount of damages. Here, the Louisiana Rules of Civil Procedure barred the plaintiff from requesting a specific amount of damages in her state court petition. *See* La. Code Civ. Proc. art. 892(A)(1)("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.").

The United States Court of Appeals for the Fifth Circuit has held that "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). This burden may be fulfilled in two ways. First, jurisdiction is proper if "it is facially apparent" from the plaintiff's complaint that her "claims are likely above [$75,000]." *Allen*, 63 F.3d at 1335. Second, if the value of the claims is not apparent, the defendant "may support federal jurisdiction by setting

3

forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." *Id. See also Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014)(quoting *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003))("[i]f [the value of the claims] is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy.")

### 1. It is "facially apparent" that Plaintiff's claims exceed $75,000.

The Fifth Circuit has consistently held that where "plaintiff either alleged specific, quantifiable categories of severe damages or otherwise alleged permanent injuries," it is facially apparent that the claims exceed $75,000. *Outlaw v. Cortez*, No. CV 19-462-JWD-RLB, 2019 WL 5849703, at *5 (M.D. La. Oct. 23, 2019), *report and recommendation adopted*, No. CV 19-462-JWD-RLB, 2019 WL 5847838 (M.D. La. Nov. 7, 2019). For example, in *Hernandez v. USA Hosts, Ltd.*, the Fifth Circuit held that the amount in controversy requirement was facially apparent in a tort action where the plaintiff fell while boarding a shuttle bus. *Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294 (5th Cir. 2011). There, the plaintiff alleged that she

> sustained serious personal injuries to her back, knees, shoulder and body as a whole, including but not limited to aggravation of pre-existing conditions, which have caused substantial physical pain and suffering; mental anguish; emotional distress; medical expenses; loss of enjoyment of life; lost wages; property damage; and, other elements of damages which will be demonstrated at the trial of this matter.

*Id.* Further, Plaintiff alleged that her losses were "permanent, or continuing in nature," and that she would "suffer losses in the future." *Id. See also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)(holding that the amount in controversy was facially apparent where the plaintiff claimed damages for "medical expenses, physical pain and suffering, mental anguish

4

and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" resulting from "injuries to her right wrist, left knee, patella and upper and lower back"); *Pollet v. Sears Roebuck & Co.*, 46 F. App'x 226, *2-3 (5th Cir. 2002)(holding that the amount in controversy was facially apparent where the plaintiff claimed "serious and painful injuries . . . to her face, left elbow, left hand, and tail bone" as a result of her fall, and that she "ha[d] sustained residual and permanent disabilities and impairments"). *But see Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850-51 (5th Cir. 1999)(holding that it was not facially apparent that the amount in controversy exceeded $75,000 where the complaint did not allege permanent damage or disability, nor other categories of damages such as emotional distress, or functional impairments, which would have supported a substantially larger monetary basis for federal jurisdiction).

Here, Plaintiff alleges that "she slipped on a shelving bracket and fell to the ground, causing severe and disabling injuries to her left foot." [doc. # 1-2, p. 3]. Further, she alleges she suffered "[p]ermanent damage and disability" among other specific categories of damages including: past, present, and future mental and physical pain and suffering; past, present, and future medical expenses; past, present, and future mental and emotional distress; loss of enjoyment of life; loss of consortium; and lost wages and/or economic opportunity. [doc. # 1-2, p. 3]. Like in *Hernandez*, Plaintiff has alleged both permanent damages and specific categories of severe damages that make it "facially apparent" the amount in controversy exceeds $75,000. Accordingly, the jurisdictional threshold amount is met.

2. **The jurisdictional amount is also proven by the evidence attached to the notice of removal.**

Here, even if the amount of the claims were not facially apparent from the petition, summary judgment type evidence attached to the notice of removal establishes that the amount in controversy exceeds $75,000. *See Scarlott,* 771 F.3d at 888 (citing *White*, 319 F.3d at 675)(allowing the court to rely on "summary judgment-type" evidence to ascertain the amount in controversy).

Pre-petition settlement demand letters may be relied upon to prove the amount in controversy for jurisdiction purposes. *See Carver v. Wal-Mart Stores, Inc.*, No. 08-42, 2008 WL 2050987 (E.D. La. May 13, 2008)(holding that where defendant submitted as evidence a copy of a pre-suit settlement demand by plaintiff for $150,000, the jurisdictional threshold was met); *see also Fairchild v. State Farm Mut. Automobile Ins. Co*., 907 F. Supp. 969 (M.D. La. 1995)(holding that plaintiff's pre-suit settlement letter to defendant offering to settle the case for $110,000 proved by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional threshold).

Here, Plaintiff sent an offer letter to Defendant months before suit was filed offering to settle her claims against Defendant for $100,000. [doc. # 1-1, p. 2]. Defendant attached this settlement demand to the notice of removal along with an affidavit attesting that it is a true and correct copy. [doc. # 1-1, p. 1]. Further, in the letter Plaintiff states that "[h]er injury resulted in six months in a boot along with severe pain that has still not resolved." [doc. # 1-1, p. 2]. Based on this evidence, Defendant has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### 3. Plaintiff's rejected settlement offer does not establish to a legal certainty that she will not be able to recover the jurisdictional amount.

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden shifts to the plaintiff to show that it is a "legal certainty" that she will not be able to recover the jurisdictional amount. *Carver*, 2008 WL 2050987, at *2. This burden can be met by (1) showing state procedural rules binding the plaintiff to her pleadings, or (2) filing a binding stipulation or affidavit to that effect with the complaint. *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

Here, the first prong is inapplicable because Plaintiff has not shown any state procedural rule that would limit her recovery. Regarding the second prong, Plaintiff alleges that her offer to Defendant to narrow the settlement bracket to between $15,000 and $65,000 proves to a legal certainty that she will not be able to recover more than the jurisdictional threshold. [doc. #s 11, p. 1; 11-2. p. 1]. This is incorrect for several reasons. First, the offer to narrow the settlement bracket was not attached to the complaint. Second, the offer to narrow the settlement bracket does not constitute a "binding stipulation" because the offer did not stipulate that Plaintiff's recovery would not exceed $75,000 even if the case goes to trial; the narrowed settlement bracket would only limit Plaintiff's recovery if the case actually settled. Finally, Defendant rejected the terms of the offer, so the Plaintiff is not bound by it. Accordingly, the Plaintiff has not shown to a legal certainty that her recovery cannot exceed $75,000, and she has not carried her burden to rebut Defendant's evidence.

Thus, the amount in controversy exceeds $75,000, and this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that Plaintiff's motion to remand [doc. # 11] be DENIED.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 25th day of February, 2021.

*/s/ Kayla Dye McClusky*
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE